IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ISAAC WILSON-HOLLAND,

    Plaintiff,

vs.   CASE NO.:

R.E. ROWLES ASPHALT & SEALING CO.,
a Pennsylvania Profit Corporation, and
KVIBTK KOWLFS, Individually   **VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

    Defendants.

_____/

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ISAAC WILSON-HOLLAND ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, R.E. ROWLES ASPHALT & SEALING CO., a Pennsylvania corporation, ("ROWLES"), and KVIBTK KOWLFS, ("KOWLFS"), individually, altogether collectively ("Defendants") to recover from Defendants overtime pay and regular wages in weeks in which he worked overtime hours, as required by the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA"), and, in the alternative as to payment not received for regular hours worked, for breach of contract and pursuant to the Pennsylvania Wage Payment and Collection Law ("WPCL") and states as follows:

**JURISDICTION**

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

2.    This Court has jurisdiction over Plaintiff's claims based on 29 U.S.C. § 216(b)

and 28 U.S. C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because Plaintiff's claims under the PMWA and WPCL form a part of the same case or controversy and arise out of the common nucleus of operative facts as his FLSA claim.

4. Venue in this Court is proper, as the Defendants reside and regularly conduct business in this judicial district.

**PARTIES**

5. At all times material hereto, Plaintiff was, and continues to be, a resident of Philadelphia County, Pennsylvania.

6. At all times material hereto, Defendant ROWLES was and continues to be a Pennsylvania Corporation. Further, at all times material hereto, Defendant ROWLES was and continues to be engaged in business in Pennsylvania, with its principal place of business in Delaware County, Pennsylvania.

7. At all times material hereto, Defendant KOWLFS was an individual resident of the Commonwealth of Pennsylvania, who owned and operated Defendant, ROWLES, and who regularly exercised the authority to: (a) hire and fire employees of ROWLES; (b) determine the work schedules for the employees of ROWLES; and (c) control the finances and operations of ROWLES.

8. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA, and the PMWA.

9. At all times material hereto, Defendants were the Plaintiff's "employer" within the meaning of FLSA, the WPCL, and the PMWA.

10. At all times material hereto, Defendant ROWLES was, and continues to be, an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commence by any person" within the meaning of FLSA.

11. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as telephones, computers, trucks, bobcats, small tools, and asphalt equipment, which were used directly in furtherance of Defendants' business.

13. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

14. In April 2017, Defendants hired Plaintiff as non-exempt laborer for Defendants' business. Plaintiff worked for Defendants in that position from April to November in 2017, 2018, and 2019.

15. Plaintiff's work included driving trucks, concrete work, sealing work, driving the bobcat, and asphalt work.

16. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

17. Defendants failed to compensate Plaintiff at a rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours in a single workweek. Specifically, when Plaintiff worked on "prevailing wage" jobs, he was not paid for all of his hours worked, including, but not limited to, overtime hours.

18. When Plaintiff complained that he was not being paid for all of his hours, including overtime hours, on the "prevailing wage" jobs, he was told that because he was getting such a high rate of pay on those jobs he should "eat" the time.

19. Plaintiff should be compensated at the rate of one and one-half times his regular rate of pay for all hours that he worked in excess of forty (40) hours per workweek, as required by the FLSA and PMWA.

20. Plaintiff should also be compensated as required by the FLSA, PMWA, and WPCL for the hours up to forty hours for which he was not compensated in weeks in which he worked overtime hours, as set forth in 29 C.F.R. §778.315.

21. Defendants have violated Title 29 U.S.C. §207 and the PMWA during the term of Plaintiff's employment, in that:

    a. Plaintiff worked in excess of forty (40) hours in one or more work weeks during his employment with Defendants;

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA;

    c. Defendants have failed to compensate Plaintiff for all hours up to forty hours in weeks in which he worked overtime and was also not compensated for his overtime hours; and

    d. Upon information and belief, Defendants failed to maintain proper time records as mandated by the FLSA, because Defendants precluded Plaintiff from recording the actual hours that he worked on "prevailing wage" jobs.

22. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful. Defendants were aware of their obligation to pay overtime, and did so in many weeks, choosing not to do so only with respect to the prevailing wage jobs, which were compensated at a much higher rate. When Plaintiff complained, he was told that he should "eat the time" and not complain, because the rate of pay was higher.

23. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

24. Plaintiff understood that his rate of pay on "prevailing wage" jobs would be $44.00 per hour for non-overtime hours.

25. Defendants offered to pay Plaintiff $44.00 per hour for non-overtime hours on "prevailing wage" jobs.

26. Plaintiff accepted the offer to be paid $44.00 per hour for non-overtime hours on "prevailing wage" jobs.

27. Defendants breached their agreement to pay Plaintiff $44.00 per hour for each non-overtime hour worked on "prevailing wage" jobs.

28. Plaintiff has been damaged by Defendants' breach of their agreement.

29. The unpaid amounts due to be paid to Plaintiff for his regular hours and overtime hours constitute wages within the meaning of the WPCL.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

30. Plaintiff re-alleges and reavers paragraphs 1 through 23 of the Complaint, as if fully set forth herein.

31. Throughout his employment, Plaintiff worked in excess of forty (40) hours in

most workweeks.

32. When he worked on "prevailing wage" jobs, Plaintiff was not compensated at the statutory rate of one and one-half times his regular rate of pay for all hours in excess of forty (40) worked in each workweek.

33. When he worked on "prevailing wage" jobs, Plaintiff was not compensated at his regular rate of pay for all of his regular hours in weeks in which he also worked overtime.

34. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

35. Plaintiff was, and is, entitled to be paid at the agreed rate of $44.00 per hour for his regular hours in weeks in which he also worked overtime, in order to ensure that he receives his overtime pay "free and clear" as required by the FLSA.

36. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours per week when they knew such was, and is, due.

37. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

38. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for regular and overtime hours worked in weeks in which he worked over forty hours in a workweek on a "prevailing wage" job, plus liquidated damages.

39. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant

to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees, and such other relief deemed proper by this Court.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION UNDER THE PMWA AND WPCL

40. Plaintiff re-alleges and reavers paragraphs 1-23 and 29 of the Complaint, as if fully set forth herein.

41. At all times relevant hereto, Plaintiff was an "employee" within the meaning of the PMWA and WPCL.

42. The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104(c)) and WPCL (Pa. 1961 Act 329).

43. At all relevant times, Defendants were subject to the requirements of the PMWA and WPCL.

44. The PMWA requires that employees be paid at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Plaintiff is entitled to overtime pay, as well as unpaid regular wages in overtime weeks, under the PMWA.

45. The WPCL provides that every employer shall pay all wages, other than fringe benefits and wage supplements, due his/her employees on regularly scheduled paydays designated in advance by the employer.

46. Plaintiff seeks unpaid overtime in amount equal to one and one half times the regular rate of pay for work performed in excess of 40 hours in a workweek, regular wages for

hours up to forty in weeks in which overtime was worked and unpaid, prejudgment interest, all available penalties, and any such other legal and equitable relief as the Court deems just and proper.

47. Defendants also failed to keep accurate records required by 34 Pa. Code 231.31.

48. Plaintiff also seeks to recover attorneys' fees, costs, and expenses of this action under the PMWA and WPCL.

49. Plaintiff's earned overtime wages remained unpaid for thirty days beyond the regularly scheduled payday and/or shortages in the wage payments made to Plaintiff exceeded five percent (5%) of the gross wages payable on two or more regularly scheduled paydays in the same calendar quarter, and there is no good faith contest or dispute of any wage claim exists accounting for such non-payment. As such, Plaintiff is entitled to claim, in addition to the wages owed, an amount equal to twenty-five percent (25%) of the total amount of wages due, as liquidated damages.

Wherefore, Plaintiff requests a judgment entered in his favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees, and such other relief deemed proper by this Court.

## COUNT III
## BREACH OF CONTRACT UNDER THE WPCL

50. Plaintiff re-alleges and reavers paragraphs 1-29 of the Complaint, as if fully set forth herein.

51. Plaintiff understood that his rate of pay on "prevailing wage" jobs would be $44.00 per hour for non-overtime hours.

52. Defendants offered to pay Plaintiff $44.00 per hour for non-overtime hours on "prevailing wage" jobs.

53. Plaintiff accepted the offer to be paid $44.00 per hour for non-overtime hours on "prevailing wage" jobs.

54. Defendants breached their agreement to pay Plaintiff $44.00 per hour for each non-overtime hour worked on "prevailing wage" jobs.

55. Plaintiff has been damaged by Defendants' breach of their agreement.

56. The unpaid amounts due to be paid to Plaintiff for his regular hours on "prevailing wage" jobs constitute wages within the meaning of the WPCL. Plaintiff's earned regular wages remained unpaid for thirty days beyond the regularly scheduled payday and/or shortages in the wage payments made to Plaintiff exceeded five percent (5%) of the gross wages payable on two or more regularly scheduled paydays in the same calendar quarter, and there is no good faith contest or dispute of any wage claim exists accounting for such non-payment. As such, Plaintiff is entitled to claim, in addition to the wages owed, an amount equal to twenty-five percent (25%) of the total amount of wages due, as liquidated damages.

Wherefore, Plaintiff requests a judgment entered in his favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees, and such other relief deemed proper by this Court.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this __6th__ day of April, 2020.

Respectfully submitted,

_____
Angeli Murthy, Esquire
PA Bar No.:  93699
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail:  Amurthy@forthepeople.com
*Counsel for Plaintiff*

10

## VERIFICATION

I, ISAAC WILSON-HOLLAND, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

Dated: 4/6/2020

_____
ISAAC WILSON-HOLLAND